HEARD NOVEMBER TERM, 1875.

## WOLF, MAYER & CO. vs. HAMBERG.

A judgment under the Code, before its recent amendment, could not be taken before the Clerk of the Court where the summons was under the second subdivision of Section 152 of the Code.

This was an action by Wolf, Mayer & Co., plaintiffs, against C. Hamberg, defendant, wherein the plaintiffs, before the amendment of the Code of the 23d November, 1875, had entered judgment against the defendant before the Clerk of the Court.

The proceeding in the Circuit Court seems to have been a motion to set aside the judgment, on the ground that the summons was under the second subdivision of Section 152 of the Code of Procedure, which was denied, and that the defendant appealed. (a.)

January 17, 1876. The opinion of the Court was delivered by

MOSES, C. J. The summons in the case is framed under the second subdivision of Section 152 of the Code of Procedure.

It notifies the defendant that, on failure to answer, "the plaintiffs will apply to the Court for judgment against him." If they regarded their demands as of a character to entitle them to a judgment by the Clerk in default of answer, the summons should have been in conformity with the first subdivision of the Section referred to.

In cases under the Code where (before its amendment) a valid judgment could be entered without an order from the Court, the defendant was admonished, by the language of the summons, that on failure to answer the plaintiff would "take judgment." Under such summons, with the necessary complaint, the Clerk was authorized to enter judgment.—Code, § 269. But here the process served upon the defendant notified him that, on default of answer, the plaintiff would "apply to the Court for judgment against him." His failure to answer certainly could confer no right on the Clerk which was not expressly given by the Code, and he could not assume to act in a case where, according to the language of the plaintiffs in their summons, application was to be made "to the Court for judgment."

---

(a.) The Reporter, not having been furnished with a brief in the case, regrets that he is unable to give a fuller statement of the facts than that contained in the opinion of the Court, and the names of the counsel.

Section 152 of our Code corresponds with Section 129 of that of New York.

In relation to the second subdivision of said Section, it is held to express the proper notice to be given in all actions for unliquidated damages on contracts.—*Garrison* vs. *Carr*, 34 How., 187 ; *Salters* vs. *Ralph*, 15 Abb., 273 ; *Brown* vs. *Eaton*, 37 How., 325. The plaintiffs, by the selection of their remedy, have recognized their claim as comprehended within the second subdivision of the Section, and it would be a surprise on the defendant to allow them now to question the character which they have given to their demand as one to be passed upon only by the Court by claiming that it is of a different nature and included within the action of which the Clerk may take cognizance. The order for judgment is set aside and the case remanded to the Circuit Court for such action as the respective parties may be advised to take.

*Wright*, A. J., and *Willard*, A. J., concurred.